[No. 2196]

# IN THE MATTER OF THE PETITION FOR DISBARMENT OF E. E. WINTERS, ATTORNEY AT LAW.

[163 Pac. 244]

1. ATTORNEY AND CLIENT—PROCEEDINGS FOR DISBARMENT—EVIDENCE.
   In a proceeding for the disbarment of an attorney, evidence that an affidavit of service of summons in a divorce suit, in which plaintiff was represented by respondent, associated with another, was altered after it was made so as to show a valid service is insufficient, as against the positive sworn denial of the attorney, to show that he made the alteration.

ORIGINAL PETITION for disbarment of E. E. Winters, attorney at law. **Proceeding dismissed.**

By the Court, COLEMAN, J.:

Petition for the disbarment of E. E. Winters, an attorney at law, was filed by a committee appointed by the Nevada Bar Association. The petition alleges that on June 6, 1912, an action for divorce was commenced in the district court in and for Churchill County, Nevada, wherein Helen Heisel was plaintiff and P. E. Heisel was defendant; that respondent appeared as attorney for the plaintiff in said action, and that on the day of the commencement of said action an affidavit showing the nonresidence of the defendant, was filed, but that no order of publication of summons was ever made, based upon the affidavit filed on that day. It is also alleged in said petition as follows:

"That on the 6th day of March, 1913, a second affidavit for publication of summons, which affidavit was dated March 4, 1913, was filed in said action, and thereafter, to wit, on the 25th day of March, 1913, an order for publication of summons was issued and filed in said action; that on the 10th day of May, 1913, there was filed in said action the original summons issued therein, to which was attached the affidavit of A. J. Laird, a citizen of the United States over the age of 21 years, that he received the said summons on March 26, 1913, and served the same on said March 26, 1913, on the defendant at Fresno, Cal.; that on the face of said affidavit it was sworn to on the said 26th day of March, 1913, before M. C. Gallaher,

a notary public in and for the county of Fresno, State of California; that on the 10th day of May, 1913, a default was signed by the clerk of the court wherein said action was pending, which default recites, among other things, that, whereas it appears that service of summons was had on the defendant on the 26th day of March, 1913, on the 12th day of May, 1913, the defendant appeared specially in said mentioned action, and filed a motion to set aside the alleged service of summons on the ground that the said summons was served on the defendant at Fresno, Cal., on the 6th day of March, 1913, and that no order for publication had been previously made for the service of said summons; that the order for publication of summons was made on March 25, 1913, and that no service had been made upon the defendant subsequent to the making of said order; that your petitioners are informed and believe, and therefore allege as a fact, that after the execution of the said affidavit of the service of summons, and after the same had come into his possession, the said E. E. Winters altered and changed said affidavit so that said affidavit would read that service was made on the defendant on the 26th day of March, 1913, when in truth and in fact the said service was made on said defendant on the 6th day of March, 1913. Your petitioners further allege that such change and alteration of the said return on said summons by the said E. E. Winters was unprofessional conduct."

Respondent filed a verified answer to the petition, denying that he had altered or changed the affidavits of service in any way whatsoever.

The evidence shows that two attorneys were associated in the prosecution of the divorce action mentioned; and, while it appears from the evidence that the summons in the case was served only once, and that only one proof of the service of the summons was made by the sheriff at Fresno, Cal., and that to show that the summons was served on March 6, 1913, the proof of service on file in the office of the clerk of the district court in the divorce action shows that the service was made on March 26, 1913,

instead of March 6, the date of the actual service as shown by the testimony in the proceedings.

It is the theory of the petitioner that the proof of service was changed by writing a "2" in front of the "6th" in the return which was in fact prepared and made by the sheriff of Fresno County; and, while no direct evidence was offered to show that the change mentioned was made by respondent, it is contended that, as he was in the active management of the case of the plaintiff, it follows that he made the change as alleged in the petition.

While we think it safe to say that the evidence showed the change in the proof of service, as contended, there is a lack of proof going to show that the respondent was responsible for the change, or in fact knew of it. Against the circumstantial evidence of the prosecution is the positive testimony of respondent. When we consider the fact that another attorney was interested in the case, the former good repute of respondent and his positive testimony that he did not make the change or know of it, we think the evidence insufficient to sustain the charge.

The disbarment of an attorney is a matter of serious consequence. It not only results in placing a stigma upon him for life, but when of the age of respondent it deprives him of the means of earning a living for himself and his family in the calling in which he is trained, and for which presumably he is best fitted, and therefore a serious charge should not be sustained upon mere suspicion. We believe that the good name of the profession must be maintained and that those guilty of professional misconduct should suffer the consequences, but the rights of an attorney must not be sacrificed in an effort to maintain the high standing of the bar.

At the conclusion of the evidence in this proceeding, after a conference between the members of the court, an order was made dismissing the proceeding for want of sufficient evidence to sustain the charge.